Denison & Pacific Suburban Railway Company v. Lee Binkley.

Decided April 5, 1905.

**1—Assumed Risk—Servant's Knowledge—Charge.**
Where there was evidence of the servant's knowledge of defects in the coupling machinery of cars which occasioned his injury it was probably error to charge that he had a right to assume that the master had used due care in this respect. But an instruction given at defendant's request distinctly holding the servant to an assumption of risks from defects known to him relieved such charge of its tendency to mislead the jury.

**2—Same.**
A requested instruction that the servant assumed the increased risk from the method of making a coupling adopted by him, if there was a safer way to do it, was erroneous in ignoring the questions (1) whether he had knowledge of the difference in risk between the two methods and (2) whether the one adopted was obviously dangerous.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

T. J. Freeman and Head, Dillard & Head, for appellant.—The charge complained of, as applied to the facts in this case, was upon the weight

of the evidence, inasmuch as the evidence tended to show that the appliances which were used by plaintiff were defective and in an unsafe condition, and known by him so to be, or should have been known to him in the exercise of his duties. Missouri, K. & T. Ry. v. Hannig, 91 Texas, 347; Missouri, K. & T. Ry. v. Hoskins, 79 S. W. Rep., 370; Texas & P. Ry. v. Bradford, 66 Texas, 734; Missouri, K. & T. Ry. v. Thompson, 33 S. W. Rep., 718; Missouri Pac. Ry. v. Somers, 78 Texas, 439; Green v. Cross, 79 Texas, 130.

The evidence in this case was sufficient to raise the issue that plaintiff's injuries resulted from his standing on the inside of the curve instead of on the outside, and that such coupling could have been safely made by standing on the outside of the curve, and that in so doing plaintiff took the more dangerous of two methods in making the coupling; defendant was entitled to have such issue submitted to the jury for its determination, because if the method adopted by plaintiff of making the coupling was not the safest method of making it, he assumed all increased risks attendant upon the method adopted by him, and if his injuries resulted from one of the increased risks so assumed by him he could not recover, even though it might not be held that he was guilty of negligence in adopting this method. Labatt on Master and Servant, vol. 1, p. 839, et seq., especially at p. 854; Tuttle v. Detroit, G. H. & M. Ry. Co., 122 U. S., 189; Texas, S. V., etc., Ry. v. Guy, 23 S. W. Rep., 633; Morris v. Duluth, S. S. & A. Ry., 108 Fed., 747.

*Randell & Wood,* for appellee.—The charge of the court complained of was correct, because, as a matter of law, the appellee did have the right to assume that the appellant had used ordinary care to furnish reasonably safe appliances to enable him to perform his duties with a reasonable degree of safety.

The special charge requested by appellant and given by the court, submitted fairly and fully the question of assumed risk as to defective appliances.

The court did not err in refusing to give the special charge as complained of, because the same is not a correct proposition of law, as it is a charge upon the weight of evidence, in this: it makes the appellee assume the risk, if there was a safer method of handling the cars than the one adopted, regardless of whether or not appellee knew that there was a safer method, and regardless of whether or not he was guilty of contributory negligence in using the method that he did.

KEY ASSOCIATE JUSTICE.—This is a personal injury suit, resulting in a verdict and judgment for the plaintiff for $5,000, and the defendant has appealed. At the time the plaintiff was injured he was standing on the foot-board of the tender of the engine, which was backing up on a curved track for the purpose of coupling to a train of cars. When the engine came in contact with the cars the coupling apparatus on the car to which the engine was to be coupled gave way, and the plaintiff was caught between the engine and the cars and injured.

The plaintiff charged the defendant with negligence in moving the engine upon which he was standing at a great rate of speed, thereby causing it to collide with the car with great force and violence, and also

charged negligence in that the coupling apparatus was defective and unsafe.

In addition to a general denial, the defendant pleaded that the injuries complained of resulted from a risk assumed by the plaintiff and from his contributory negligence.

The court submitted all of these issues to the jury, and the verdict, which is general, involves findings to the effect that the defendant was guilty of negligence in the respect charged; that the plaintiff was not guilty of contributory negligence, and that his injuries did not result from a risk assumed by him. There is testimony in the record which supports all of these findings.

The first assignment of error is addressed to the following paragraph of the court's charge: "Plaintiff had the right to assume that the defendant had used ordinary care to furnish cars reasonably safe and properly equipped and supplied with appliances reasonably necessary and proper to enable him to perform the duties required of him with a reasonable degree of safety."

The contention is that the charge complained of, as applied to the facts of this case, was erroneous, inasmuch as there was testimony tending to show that the appliances which were used by the plaintiff were known by him to be defective and unsafe. If this paragraph of the charge had not been modified and corrected, we should probably sustain appellant's contention, but, at appellant's request, the court gave the following additional instruction:

"While you are told in the main charge that plaintiff assumes all such risks as are ordinarily attendant upon the doing of his work, but does not assume the risks of the negligence of defendant, or its failure to have its apparatus or coupling appliances in good repair, you are further instructed that plaintiff did assume the risks of negligence upon the part of the defendant of which he knew and did assume the risks even though extraordinary, which were attendant upon the bad condition of the appliances, if they were in bad condition, which he knew or which he must have discovered in the exercise of ordinary care in doing his work, and if injured solely by reason of such conditions, he can not recover, and your verdict will be for defendant."

This special instruction was asked and given after the main charge had been read to the jury, and it specifically refers to and corrects what appellant must have regarded as defects in the main charge, including the paragraph now complained of. In view of this correction, we do not think the jury were misled by the charge assigned as error.

Appellant requested, and the court refused, the following special charge: "If you believe from the evidence that the method adopted by plaintiff of making the coupling was not the safest method, but that there was a safer method of making it, then you are instructed that plaintiff assumed all increased risks attendant upon the method adopted by him."

For two reasons, this instruction was properly refused: (1) It eliminated the question of the plaintiff's knowledge as to the safety of the different methods of making the coupling; and (2) it constituted a comment on the weight of testimony. If there was a safer method,

but the plaintiff did not know that fact, he was not in fault for failing to adopt that method. Also, if the method pursued by him was not obviously dangerous, he did not assume the risk involved therein.

No reversible error has been shown, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.